[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPRESS AND DISMISS
Evidence submitted regarding this motion established the following pertinent facts:
On October 2, 1996 at about 1:20 a.m., Sgt. Eric Larson of the Norwich Police Department was on patrol in a police vehicle on Central Avenue in Norwich. Central Avenue is located in the Greenville section of Norwich, which at that time was a high crime area where many crimes involving drugs and prostitution were committed. As Larson was driving on Central Avenue, he observed a Volkswagen parked in the parking lot of the Leader Store. The lot is located at the intersection of 6th Street and Central Avenue, across the street from the Leader Store and accommodates CT Page 3087 more than ten vehicles, and as many as 15. Larson noted from the exhaust vapors that the engine of the VW was running, and that in addition to the operator who was seated in the operator's seat, there was also a passenger seated alongside in the front passenger seat. In the past, there had been numerous arrests in this lot for drug and prostitution activities. Larson drove into the lot and parked his vehicle parallel to the VW so that while remaining seated in his vehicle, by lowering the vehicle's window, he was able to signal the operator of the VW to do likewise and thereafter asked the operator what he was doing. The defendant, who Larson identified in court as the operator, responded very slowly, incoherently, with slurred speech raising Larson's suspicion that the defendant was under the influence of alcohol or drugs. Larson exited his vehicle and asked the defendant for his driver's license and registration. On doing so, Larson noted the odor of liquor emanating from the defendant. The defendant's response to Larson's request was slow. Larson then radioed for back-up police assistance and upon arrival of two police cruisers, he asked the defendant to exit his vehicle. The defendant had difficulty doing so and also in standing. The defendant was given the usual sobriety tests, all of which he failed, with the result that he was placed under arrest for operating a motor vehicle while under the influence of liquor in violation of Connecticut General Statute § 14-227a. The defendant was brought to police headquarters, where he was offered but refused the chemical test.
The defendant has moved to suppress the evidence which was observed or obtained during the encounter at the parking lot.
The defendant argues that, "The stop of the defendant's vehicle by the police was illegal and unconstitutional because at the time of the stop the police did not have probable cause to stop the defendant to make an arrest."
It is well established that the fourth amendment to the United States Constitution allows a police officer to detain an individual briefly for investigative purposes if the officer has a "reasonable and articulable suspicion that the individual is engaged in criminal activity." State v. Gant, 231 Conn. 43, 65. While general investigation may be based upon suspicion and guesswork, a police officer's decision to restrain a person's liberty or the use of his property must be made on more than a mere hunch. Terry v. Ohio, 392 U.S. 1, 22; State v. Janusewski,182 Conn. 142, 149. "The results of the initial stop may arouse further suspicion or may dispel the questions in the officer's CT Page 3088 mind. If the latter case, the stop may go no further and the detained individual must be free to go. If, on the contrary, the officer's suspicions are confirmed or are further aroused, the stop may be prolonged and the scope enlarged as required by the circumstances." State v. Janusewski, ibid.
Here Larson's observation in the early morning hours of two persons in the front seat of an automobile parked in a parking lot, located in a high crime area, where to his knowledge numerous drug and prostitution arrests had taken place was sufficient to arouse a reasonable suspicion necessitating an investigation and justified the limited intrusion of the defendant. The officer without blocking the defendant's vehicle pulled up alongside of it, and while both he and the defendant remained seated in their respective vehicles, he questioned the defendant. The defendant's manner of replying to routine questions aroused further suspicion and warranted Larson in investigating further regarding the possibility that the defendant was under the influence of liquor and ultimately in calling for back-up assistance. Observing that the defendant's vehicle's engine was still running, that the defendant's speech was slurred and incoherent, that he had difficulty producing his license and registration, and in exiting his vehicle, as well as standing, the police were justified in submitting the defendant to tests and in ultimately placing him under arrest for operating a motor vehicle while under the influence of liquor.
The motion to suppress evidence and to dismiss is denied.
Tamborra, JTR